An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VLADIMIR LAGEREV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66003

**FILED**

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from a district court order denying a post-conviction petition for a writ of habeas corpus without prejudice.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed a timely post-conviction petition for a writ of habeas corpus on February 5, 2010. The district court denied the petition without prejudice, informing appellant that he may again file a petition after obtaining the help of a Russian language interpreter. However, NRS chapter 34 does not allow for a district court to dispose of a petition by

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37425

denying it without prejudice. *See* NRS 34.830(2). Therefore, the district court erred in denying the petition without prejudice.

In addition, the district court erred by denying appellant's request for the appointment of post-conviction counsel. NRS 34.750 provides for the discretionary appointment of post-conviction counsel and sets forth the following factors which the court may consider in making its determination to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of those issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The determination of whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues in a petition which, if true, would entitle the petitioner to relief.

Appellant's petition arose out of a trial with potentially complex issues. Appellant is serving a significant sentence. Appellant moved for the appointment of counsel and claimed that he was indigent. In addition, a Russian language interpreter was present to help appellant throughout the trial proceedings, indicating that appellant is unable to comprehend the proceedings on his own. The failure to appoint post-conviction counsel prevented a meaningful litigation of the petition, particularly in light of the difficulties demonstrated by appellant's language barrier. Thus, we reverse the district court's denial of appellant's petition and remand this matter for the appointment of counsel to assist appellant in the post-conviction proceedings. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Vladimir Lagerev
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein. This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.